MAGER, Judge
(dissenting).
I must respectfully dissent. The final judgment in favor of the defendants-sellers and against the plaintiff-broker was predicated upon the trial court’s finding of the existence of an ambiguity in the wording of a supplemental agreement executed by and between the buyer and the seller only, under the terms of which the buyer deposited with the seller the sum of $25,000.00 to extend the closing date. The court permitted the introduction of parol evidence to show that this additional deposit with the seller was not related to any earlier deposit made with the broker pursuant to a deposit receipt contract, so that the broker’s commission resulting from the buyer’s default was to be computed solely on the amount of the earlier deposit.
In my opinion there was no ambiguity in the wording of the extension agreement so as to authorize the introduction of parol evidence; and that under the wording of both the extension agreement and the orig *583 inal deposit receipt contract the broker was entitled to a commission based upon the total amount of funds deposited. The fact that the supplemental deposit was made with the seller rather than with the broker in order to extend a closing date is immaterial ; the broker’s commission should have been determined by the total amount deposited rather than with whom or for what collateral purpose the deposit was made.
I would reverse and enter a judgment in favor of the plaintiff-broker.